**CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL,**
Plaintiff—Appellant,

v.

**ESTATE OF Herbert S. MCDUFFEE, Jr., deceased; Christine E. McDuffee; Aerojet General Corp; Chevron Corporation; Pacific Gas and Electric Company; R.L. Niello, Inc.; City of Sacramento; County of Sacramento; Sacramento Municipal Utility District; Texaco Marketing and Refining, Inc., Defendants—Appellees,**

**188**

### and

**Charles V. Kester; Ravind Shankar; Sharon L. Stone; Mid Valley Development, Inc.; Gordon Turner Motors, Inc.; Tiechert, Inc.; United States Air Force, Defendants.**

No. 02–17027.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Nov. 14, 2003.

Raissa S. Lerner, Oakland, CA, for Plaintiff–Appellant.

Lori J. Gaulco, Melinda Guzman Moore, Goldsberry, Freeman, Guzman & Ditora, LLP., Sacramento, CA, Robert Cedric Goodman, San Francisco, CA, for Defendants–Appellees.

Before: HAWKINS, THOMAS, and CLIFTON, Circuit Judges.

### ORDER *

This appeal was brought from the district court's order denying a motion to dismiss counterclaims alleged to be improper under Fed.R.Civ.P. 13. Ordinarily, this court does not have jurisdiction to entertain an appeal from such an order because the order does not represent a final decision under 28 U.S.C. § 1291. The term "final decision" has been interpreted to cover a small category of collateral orders that do not terminate the litigation, where the order is conclusive, resolves an important question separate from the merits of the claim, and would

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts

be effectively unreviewable on appeal from a final judgment in the underlying action. *Cunningham v. Hamilton County, Ohio,* 527 U.S. 198, 204, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). In light of the presentations made to us, notably the position of Plaintiff with regard to the possibility that the State may or may not plead an Eleventh Amendment defense to the counterclaims at issue or to any third-party claims that may be stated against other State agencies, it does not appear that this falls within the small category of collateral orders over which we properly have appellate jurisdiction. *See Duran v. City of Douglas, Ariz.,* 904 F.2d 1372, 1375 (9th Cir.1990) (holding that a merits panel may reconsider a motion panel's previous jurisdictional determination).

**APPEAL DISMISSED.**

---

of this circuit except as provided by Ninth Circuit Rule 36–3.